IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 16-cv-02715-LTB

NICOLE Q. MCGEE,

    Plaintiff,

v.

NORDSTROM CHERRY CREEK RACK,

    Defendant.

___

## ORDER
___

    This employment discrimination case is before me on defendant Nordstrom, Inc.'s (improperly named "Nordstrom Cherry Creek Rack" in the caption) Motion to Dismiss and for Order Compelling Arbitration, or in the Alternative, to Stay Action Pending Arbitration. (ECF No. 13.) Plaintiff Nicole McGee, an African American woman, alleges that Nordstrom discriminated against her on the basis of her race and gender. Nordstrom argues that because Ms. McGee agreed to have any disputes resolved in arbitration when she signed a dispute resolution agreement, this case should be dismissed, and I should compel Ms. McGee to participate in arbitration.

    I agree with Nordstrom that the parties agreed to arbitrate the issues raised in Ms. McGee's complaint, and I accordingly order the parties to arbitrate this case and dismiss this action without prejudice.

## I. BACKGROUND

The following facts are taken from Ms. McGee's complaint (ECF No. 1) unless otherwise noted. Ms. McGee, an African American woman, worked as an associate at Nordstrom in Denver, Colorado for two and a half years, beginning in 2013. She was the only full-time African American woman in her department. Before she started working, Ms. McGee signed a dispute resolution agreement with Nordstrom, which provided in relevant part:

> This Agreement is intended to apply to the resolution of past, present, and future disputes that would otherwise be resolved in a court of law and requires that all such disputes be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial except as otherwise stated in this Agreement. The Agreement applies without limitation to disputes regarding the employment relationship, trade secrets, unfair competition, compensation, breaks and rest periods, termination, discrimination, retaliation (including retaliation under the Employee Retirement Income Security Act of 1974) or harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Genetic Information Non-Discrimination Act, and other state and local statutes, addressing the same or similar subject matters, and all other state statutory and common law claims.

(Frampton Dec. Ex. H, ECF No. 13-1 at 17.)

Nordstrom promoted white employees over Ms. McGee, even though the white associates had less experience. And despite expressing her work availability to her supervisors, she was frequently scheduled to work shifts she could not, denied hours, and scheduled at the last minute. She also had her shifts cancelled. She told her supervisor about her concerns with these practices to no avail.

In February 2015, Ms. McGee began to plan her upcoming maternity leave. After speaking with someone at Nordstrom's benefits department, she learned she

would not receive paid maternity leave because she had not worked sufficient hours during the relevant measurement period. During the measurement period, Ms. McGee suffered from hyperemesis gravidarum (severe nausea during pregnancy), which impacted her ability to work.

Ms. McGee eventually resigned from her position from Nordstrom, and on July 13, 2016, she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). The EEOC provided her with a Notice of Right to Sue on August 5, 2016. On November 3, 2016, Ms. McGee filed her complaint in this Court, alleging that Nordstrom discriminated against her based on race and gender by failing to promote her, giving her fewer hours, and giving her less responsibility.

Nordstrom moved for an order compelling arbitration and dismissing the case or staying the proceedings pending arbitration. (ECF No. 13.) When Ms. McGee did not respond, I issued a scheduling order directing a response. (ECF No. 16.) Nevertheless, Ms. McGee never filed any response to the motion.

## II. LEGAL STANDARD

The Federal Arbitration Act (the "FAA") provides that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make

an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. Courts must interpret arbitration clauses liberally, and all doubts must be resolved in favor of arbitration. *Armijo v. Prudential Ins. Co. of America*, 72 F.3d 793, 798 (10th Cir. 1995). Thus, "[h]aving made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth*, 473 U.S. 614, 628 (1985).

### III. ANAYLSIS

The plain language of the dispute resolution agreement commits this dispute to arbitration. Ms. McGee's claims relate to her employment with Nordstrom and arise under the Civil Rights Act. (Compl., ECF No. 1 at 1). The agreement encompasses "any disputes arising out of or related to" her employment with Nordstrom including "disputes regarding . . . discrimination . . . arising under the . . . Civil Rights Act of 1964." *Id.*

Ms. McGee "made the bargain to arbitrate" and should be held to it. *Mitsubishi Motors*, 473 U.S. at 628. She signed the dispute resolution agreement with Nordstrom, and I am therefore required to "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

### IV. CONCLUSION

Because the parties agreed to arbitrate this dispute, I GRANT Nordstrom's Motion to Dismiss and for Order Compelling Arbitration, or in the Alternative, to

4

Stay Action Pending Arbitration. (ECF No. 13.) I ORDER the parties to arbitrate Ms. McGee's claims, and I DISMISS this action without prejudice.

Dated: July  14 , 2017 in Denver, Colorado.

                                            BY THE COURT:

                                            s/Lewis T. Babcock
                                            LEWIS T.  BABCOCK